# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**VALPAK DIRECT MARKETING SYSTEMS, LLC,**

    Plaintiff,

    v.

**NEIGHBORHOOD GARAGE DOOR SERVICE, INC.,**

    Defendant.

Case No. _____

## COMPLAINT

Plaintiff Valpak Direct Marketing Systems, LLC ("**Valpak**") sues Defendant Neighborhood Garage Door Service, Inc. ("**NGDS**"), and alleges:

### PARTIES, JURISDICTION AND VENUE

1.    Valpak is a Delaware limited liability company with its principal place of business located in the State of Florida at 1 Valpak Avenue North, St. Petersburg, FL 33716. At all material times, Valpak's sole member is V P Holdings, LLC, which is a Delaware limited liability company. V P Holdings, LLC's sole member is Pak Acquisition Corporation, which is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in the State of Florida at 1 Valpak Avenue North, St. Petersburg, FL 33716.

1

2.      NGDS is a corporation incorporated under the laws of the State of Texas with, upon information and belief, its principal place of business located in the State of Texas.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over the parties pursuant to the forum selection clause in Section 12.1 of the parties' Contracts, in which the parties agreed that any action arising from or relating to the agreements shall be brought in this District and waived all objections to personal jurisdiction.

5.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the contracts forming the basis of this action were executed and performed in this District, a substantial part of the events or omissions giving rise to the underlying claim asserted herein occurred in this District, and pursuant to the forum selection clause in Section 12.1 of the parties' Contracts, the parties agreed that the proper forum any action arising from or relating to the agreements is this District.

## FACTUAL BACKGROUND

6.      Valpak is a direct-mail advertising business known for its distinctive VALPAK® envelopes delivered to residential addresses with national and local advertising inserts.

7.     Upon information and belief, NGDS offers its customers garage door installation and repair services.

8.     On or around January 8, 2024, NGDS and Valpak entered into a *Professional Services Agreement* ("**2024 Contract**"). A true and correct copy of the 2024 Contract is attached hereto as **Exhibit A** and incorporated herein.

9.     The 2024 Contract had a termination date of December 31, 2024. Ex. A, at p. 1.

10.     Following the termination of the 2024 Contract, NGDS and Valpak entered into a subsequent *Professional Services Agreement* on or around January 17, 2025 ("**2025 Contract**") (the 2024 Contract and 2025 Contract are collectively referred to herein as the "**Contracts**"). A true and correct copy of the 2025 Contract is attached hereto as **Exhibit B** and incorporated herein.

11.     Pursuant to the Contracts, Valpak agreed to print, circulate and distribute direct-mail advertising coupons related to those certain garage door services provided by NGDS. *See* Ex. A, p. 3; Ex. B, p. 3.

12.     The Contracts required NGDS to pay Valpak for the services provided under the Contracts. *See* Ex. A, p. 3; Ex. B, p. 3.

13.     NGDS has failed to pay Valpak for certain services it provided under the Contracts.

14.    NGDS's failure to timely pay Valpak for certain services it provided under the Contracts entitles Valpak to "assess a late charge on past due accounts at the rate of eighteen percent (18%) per annum (or 1.5% per month)." Ex. A, ¶ 5; Ex. B, ¶ 5.

15.    Valpak has retained Quarles & Brady LLP to represent it in this action and is obligated to pay a reasonable fee for its services.

16.    The Contracts entitle Valpak to recover its attorneys' fees, costs and expenses in this action. Ex. A, ¶ 12.7; Ex. B, ¶ 12.7.

## COUNT I: BREACH OF CONTRACT

17.    Valpak realleges and incorporates the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.    The 2024 Contract and 2025 Contract are valid and enforceable contracts between NGDS and Valpak.

19.    Valpak provided NGDS with certain services as required by the 2024 Contract and 2025 Contract.

20.    NGDS materially breached the 2024 Contract by failing to pay Valpak for certain services it provided under the 2024 Contract.

21.    NGDS materially breached the 2025 Contract by failing to pay Valpak for certain services it provided under the 2025 Contract.

QB\98797137.2

22.    As a direct and proximate result of NGDS's material breach of the 2024 Contract and 2025 Contract, VALPAK has suffered damages.

WHEREFORE, Valpak demands judgment in its favor and against NGDS for damages, pre- and post-judgment interest, attorneys' fees, costs, and for such further and additional relief as this Court deems just and proper.

Dated this 14th day of October 2025.            Respectfully submitted,

QUARLES & BRADY LLP

By: /s/ Zachary S. Foster
Zachary S. Foster
Florida Bar No. 111980
101 East Kennedy Blvd., Suite 3400
Tampa, FL  33602
813/387-0300 Telephone
813/387-1800 Facsimile
zachary.foster@quarles.com
kenneth.carpenter@quarles.com
cyndi.trotti@quarles.com
docketFL@quarles.com

*Lead Counsel for Plaintiff*

Reed F. Baker
Florida Bar No. 1052631
1395 Panther Lane, Suite 300
Naples, FL  34109
239/262-5959 Telephone
239/434-4999 Facsimile
reed.baker@quarles.com
kerlyne.luc@quarles.com

*Counsel for Plaintiff*

QB\98797137.2